UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MANUEL SOTO-ESTRADA,

    Petitioner,

v.

                              Case No. 20-cv-121-pp

UNITED STATES OF AMERICA

    Respondent.

---

**ORDER SCREENING MOTION TO VACATE, CORRECT OR SET ASIDE SENTENCE UNDER 28 U.S.C. §2255 (DKT. NO. 1) AND REQUIRING PETITIONER TO FILE AMENDED MOTION**

---

**I.**    **Background**

In March of 2014, a grand jury returned an indictment charging the petitioner—along with co-defendants Roberto Rangel Garcia, Adan Cabrera, Angel Garcia and Marcellino Mendez—with one count of conspiring to distribute heroin and methamphetamine, two counts of distributing heroin, one count of distributing cocaine and one count of distributing methamphetamine. United States v. Manuel Soto-Estrada, Case No. 14-cr-71-PP-1, at Dkt. No. 1 (E.D. Wis. Mar. 18, 2014). An executed plea agreement was filed, id. at dkt. no. 121, and on August 29, 2017, the court accepted the petitioner's guilty plea on count one, conspiracy to distribute heroin and methamphetamine. Id. at Dkt. No. 128. On January 11, 2018, the court sentenced the petitioner to eighty-seven months' imprisonment and five years

1

supervised release. Id. at Dkt. No. 128. The court entered judgment eleven days later. Id. at Dkt. No. 156. The defendant did not appeal.

On January 27, 2020, the petitioner filed this motion to vacate his sentence under 28 U.S.C. §2255. Soto-Estrada v. United States, Case No. 20-cv-121, Dkt. No. 1 (E.D. Wis. Jan. 27, 2020). The petition asserts that the petitioner filed a direct appeal, but in the space for "Name of court of appeals," the petitioner wrote: "Clerk of the Court, united States Distric [sic] COURT." Dkt. No. 1 at 3. He states that he filed the appeal on December 10, 2019 and is "still waiting to resive [sic] any notice from the court." Id. He states that his appeal asserted that his sentencing lawyer provided ineffective assistance by "failing to object to the application on the enhancement without evidential hearing." Id. at 3. In the section for "post-conviction relief other than direct appeal," the petitioner repeated the information that he put in the section regarding direct appeal. Id. at 5. Under the "grounds for relief" section of the §2255 motion, the petitioner wrote "none." Id. at 6. He says that he would like "the court to approve my petition to prepay the fees on my attorney or the court to appoint to me a lawyer" because he is unable to pay for one of his own. Id. at 10.

## II. Analysis

Under the Rules Governing Section 2255 proceedings in the United States District Courts, the court must review or "screen" the petitioner's petition. Rule 4 of the Rules Governing §2255 proceedings provides:

> If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to

2

> relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4(b), Rules Governing §2255 Proceedings. A petitioner seeking relief under §2255 must allege either that the sentence violated the Constitution or laws of the United States, that the court was without jurisdiction, that the sentence exceeded the maximum authorized by law or that the sentence is otherwise subject to collateral attack. 28 U.S.C. §2255(a). At the screening stage, the court considers only whether the petitioner has raised claims that can be adjudicated in a section §2255 proceeding, whether the petitioner has exhausted his claims and whether he filed the motion within the limitations period.

The petitioner appears to believe that he has an appeal pending, but the docket in the underlying criminal case does not indicate that he or his lawyer ever filed a notice of appeal. See United States v. Soto-Estrada, Case Number 14-cr-71 (E.D. Wis.). The court sentenced the defendant on January 22, 2018. Id. at 155, 156. The court received a letter from the petitioner on January 7, 2020, notifying the court of his address and asking for a courtesy copy of the docket. Dkt. No. 253. That is the only document the court received in the petitioner's case until he filed this federal §2255 petition. The court has enclosed a copy of the docket for the petitioner's review. The court also looked to see whether there was an appeal pending in the Seventh Circuit Court of

Appeals, but found nothing. See PACER Case Locator, available at https://pcl.uscourts.gov/ (last visited July 11, 2020).

Construing the petitioner's §2255 petition liberally, the court speculates that the petitioner wants to argue that his lawyer should have requested an evidentiary hearing on the question of whether the court should have applied a two-level enhancement under the sentencing guidelines for possession of a firearm. Perhaps he also wishes to argue that his attorney was ineffective for failing to appeal. Claims of ineffective assistance of counsel are cognizable in a motion under §2255, and do not need to be raised on direct appeal. Massaro v. United States, 538 U.S. 500, 508-09 (2003).

Because the petitioner did not identify ineffective assistance of counsel as a ground for relief and because he did not provide any details about how or why he believed his lawyer was ineffective, the court will require him to file an amended petition. The court is sending the petitioner a blank §2255 petition form. At the top of the first page, next to the words "Docket No.," the petitioner should write the case number for this case—20-cv-121. Above the words "Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody," the petitioner should write the word "Amended." On pages 6-9, under the "Grounds for Relief" sections, the petitioner should explain what he thinks his lawyer did wrong in his case, whether at sentencing or at some other time.

It is important for the petitioner to file this amended petition. If he does not file the amended petition by the deadline the court sets below, the court

4

will dismiss the petition for failure to diligently prosecute it under Civil Local Rule 41(c).

As for the petitioner's request for the court to appoint him an attorney, there is no statutory or constitutional right to court-appointed counsel in federal civil ligation. Pruitt v. Mote, 503 F.3d 647 (7th Cir. 2007). As a result, the court appoints counsel for *habeas* petitioners in the rare instances where the interests of justice so require. 18 U.S.C. §3006A(a)(2)(B). At this early stage, the court declines to do so. The court believes that the petitioner can tell the court what he thinks his lawyer did wrong. Once he has amended his petition, if the court believes he has a claim, it will ask the government to respond.

## IV. Conclusion

The court **ORDERS** that the petitioner must file an amended motion to vacate, set aside, or correct his sentence under 28 U.S.C. §2255 in time for the court to receive it by the end of the day on **August 28, 2020**. If the court does not receive an amended petition by the end of the day on August 28, 2020, the court will dismiss the case on the next business day without further notice or hearing.

Dated in Milwaukee, Wisconsin this 13th day of July, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**
